Bebgait, J. (dissenting).
I concur in the opinion of the Chief Judge but there are additional reasons why there should be a new trial.
Although defendant is not here charged with taking money for the use of his political power in connection with the Playboy liquor license, the full thrust of the prosecution, and the main direction of the proof, is toward a showing that defendant received money and responsively used his influence in aid of obtaining that license. The charge is, rather, that he helped to get a bribe for Epstein and helped the briber to pay Epstein; and that is the only charge against him.
On the substance of this crime, the proof, if fully believed, is tenuous. It indicates defendant’s interest in getting money for himself. It does not suggest he had any separate interest in seeing that Epstein get paid even though the bribers said they told defendant of their intention to pay Epstein.
One of the portions of the record heavily relied on by the prosecution in support of defendant’s helping Epstein to get a bribe, and quoted in the People’s brief, is the testimony of the briber Morton.
The People note that Morton testified: ‘ ‘ Mr. Morhouse then stated the things that his fees would be * * * ; he heard that we were going public; and he also asked for $100,000 fee, spread over five years. I reacted this was most expensive since I had to pay Mr. Epstein $50,000, and Mr. Morhouse said, ‘That’s a separate deal. That’s not related to this, and you handle that yourself ’ ”.
The briber Berger testified that defendant said: ‘ ‘ That is what I want, I’ve got to be paid mine. Mr. Epstein’s is his deal. My deal is my deal. * * * That’s the way it has got to be.” The witness added defendant said ‘ ‘ something to that effect ”.
This seems not to be helping Epstein get a bribe, but antagonistic or at least indifferent to Epstein’s getting a bribe. It *81 seems to suggest that defendant wanted his payment for himself and that if the bribers wanted to pay Epstein, too, that was their affair. It is not easy to read this as proof showing beyond a reasonable doubt that defendant was helping to get a bribe for anyone else.
It is suggested that defendant wanted both deals to go through and his purpose was to get his own payment if that happened. But the bribers’ testimony does not support this by any statement by defendant—and this is all the proof there is. The majority opinion assumes defendant’s “ active assistance in bringing about Epstein’s receipt of the unlawful payment”. There is no proof, even from the accomplices themselves, of any “active assistance” by defendant in “bringing about” Epstein’s unlawful payment.
The proof shows, rather, that defendant, for the payment of money to him, was trying to use his own political influence on Epstein to induce Epstein to do what the bribers also were trying to get Epstein to do by the payment of the bribe.
This does not show beyond a reasonable doubt that defendant intended to help Epstein get a bribe. He seemed to have been thinking of his own benefit from the use of his own power on Epstein and expected Epstein to respond to this, rather than to the bribers’ payment. And it seems that the bribers thought the same thing when they had recourse to defendant.
All the corroboration was in the direction of showing defendant had an interest in getting the license for the Playboy Club, including his efforts to cover up his own transactions by giving them an innocent appearance. Thus, the accomplice testimony is naked of corroboration as to the defendant’s participation in bribing Epstein.
It is the settled law in New York in a case of bribery there must be corroboration of the fact the crime of bribery took place. (People v. Mullens, 292 N. Y. 408, 416; People v. Fiore, 12 N Y 2d 188.) Nor is the holding in People v. La Belle (18 N Y 2d 405) as circumscribed as the majority opinion suggests. What Judge Burke said in that case was this: “ Section 2 of the Penal Law makes a principal in the crime charged any person who ‘ aids and abets in its commission ’. It does not, however, make one a principal merely on the basis that, in retro *82 spect, we may say that in an objective sense this person was helpful or of use to the actual perpetrator of the crime ” (p. 412).
The judgment should be reversed and a new trial ordered.